IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 1:19-cv-00251 |
| | § | |
| $377,000.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant. | § | |

## **VERIFIED COMPLAINT FOR FORFEITURE IN REM**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of

America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1.      This is an action to forfeit property to the United States pursuant to

21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

Defendant In Rem

2.      The defendant property is $377,000.00 in United States Currency

(Defendant Property).  Agents with Homeland Security Investigations - Department of

Homeland Security seized the Defendant Property on February 19, 2019.  The Defendant

Property is currently in the custody of the U.S. Customs and Border Protection.

Jurisdiction and Venue

3.      The Court has subject matter jurisdiction over an action commenced by the

United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to

28 U.S.C. § 1355(a).

4.      The Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5.      Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6.      The Defendant Property is subject to forfeiture pursuant to:

a.      21 U.S.C. § 881(a)(6) because it constitutes (i) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act, and

b.      18 U.S.C. § 981(a)(1)(C) because it is property, real or personal, constituting or derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" or a conspiracy to commit such offense.

Facts

7.      On 2/19/2019 HSI SAC Dallas TFOs D. Cortes, M. Spears, C. Halfmann, P. Harris, and DFW Detective B. Becker were notified by Las Vegas Metro Police that TSA had issued a Bulk Cash Notification that Mr. Daurence BROOKS had been discovered to be traveling with approximately $380K dollars he had claimed to be casino

winnings. TFO Spears encountered BROOKS on the A33 jet bridge with Marjai COOKS as they were running upon exiting the plane.  TFO Spears initiated a consensual encounter.  COOKS continued up the jet bridge and a consensual contact with her was initiated by TFO Halfmann.  BROOKS appeared nervous and was visibly sweating. BROOKS said he had been in Las Vegas and won money on sport bets. BROOKS said he was carrying about $200K. BROOKS consented to search. TFO Spears located stacks of money concealed in the backpack. BROOKS said that he was a homebuilder and the he had been building homes for about 1 year. BROOKS stated that he and his wife also own a Reality company in Beaumont. BROOKS said that his company is called, "Brooks Home Reality".  BROOKS said that he currently had approximately 10 to 15 homes under management with the reality company. BROOKS said that the "Brooks Home Reality" has been around for about a year and a half. BROOKS said that he buys, sells, rents and builds homes. TFO Spears attempted to locate the business on social media and could not find a business with that name in the Beaumont area. TFO Spears asked BROOKS if his reality company was run out of a P.O. Box, virtual office or from his residence.  BROOKS said that the "Brooks Home Reality" company has an actual store front in a building with a sign. BROOKS said that he and his wife also own two daycare businesses in the Beaumont area. TFO Spears asked BROOKS if he and his wife filed their federal income taxes together or separately.  BROOKS advised that he believed that they file jointly.  TFO Spears asked BROOKS how much he had claimed on his 2018 Federal Income Taxes.  BROOKS hesitated a few seconds and then said that he did not know and that his wife Mira BROOKS had handled that.  TFO Spears then asked

**Verified Complaint – Page 3**

BROOKS for a simple estimate of the amount claimed for tax years 2016, 2017 or 2018.

BROOKS again said that he has no idea of what he had made or claimed for those years.

BROOKS has a criminal history for burglary, drugs, federal probation, and a past parole

(Texas). BROOKS was unable to produce a source for the currency prior to Vegas or

remember his IRS income tax reported income for the last few years.  BROOKS believed

he filed jointly, with his wife, on his IRS income tax returns and said his wife would have

to be contacted to answer those questions.  BROOKS did not have any tax documents for

his alleged winnings in Vegas.

Due to the facts and circumstances collected at the scene, BROOKS criminal

history, inconsistent statements from BROOKS and COOKS, and an inability to

legitimize the currency TFO Spears advised BROOKS the currency was going to be

seized based on suspicion he believed the funds were derived from illegal activity and or

money laundering, violations of 18 USC 981(a)(1), 18 USC 1956(c)(7), 18 USC 1952,

and 18 USC 1961(1).

<u>Potential Claimants</u>

8.      The only known potential claimants to the Defendant Property are:

a.      Daurence Everett Brooks, represented by:
        Geoffrey G. Nathan
        Attorney at Law
        132 Boylston Street 5th FL.
        Boston, MA 02116

b.      Mira Brooks
        739 Avenue D
        Port Neches, Texas 77651

      c.      Marjai Cooks
             739 Avenue D
             Port Neches, Texas 77651

<u>Claim for Relief</u>

9.      The United States respectfully requests that the Court forfeit the Defendant

Property to the United States, award costs and disbursements in this action to the United

States, and order any other relief that the Court deems appropriate.

      Respectfully submitted,

      JOSEPH D. BROWN
      UNITED STATES ATTORNEY

          /s/
      MICHAEL W. LOCKHART
      Assistant United States Attorney
      Eastern District of Texas
      Texas Bar No. 12472200
      350 Magnolia Avenue, Suite 150
      Beaumont, Texas  77701-2237
      (409) 839-2538
      (409) 839-2643 (fax)
      michael.lockhart@usdoj.gov

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 1746</u>

I, Hugo Torres, hereby state that:

1.      I am a Special Agent with Homeland Security Investigations.

2.      I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3.      The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.


_____
Hugo Torres
Special Agent
Homeland Security Investigations



Dated: June <u>11</u>, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

UNITED STATES OF AMERICA           §
Plaintiff,                         §
                                   §
v.                                 §     No. 1:19-cv-00251
                                   §
$377,000.00 IN UNITED STATES       §
CURRENCY,                          §
Defendant.                         §

## ORDER FOR WARRANT OF ARREST IN REM

TO:   The Clerk of the Court, United States District Court for the Eastern District of
      Texas

       WHEREAS, on June 11, 2019, the United States of America filed a verified

complaint for civil forfeiture in the United States District Court for the Eastern District of

Texas against the defendant property, alleging that the property is subject to seizure and

civil forfeiture to the United States for the reasons alleged in the complaint; and

       WHEREAS, the Court, having reviewed the Complaint and the Government's

Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the

possession, custody, or control of the United States; and

       WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a

warrant to arrest the property if it is in the government's possession, custody, or control;

       YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant

in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

       YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United

States officer or employee, someone under contract with the United States, or someone

specially appointed by the Court for that purpose, pursuant to Supplemental Rule

G(3)(c)(i).

     IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:19-cv-00251 |
| | § | |
| $377,000.00 IN UNITED STATES | § | |
| CURRENCY | § | |
| Defendant. | § | |

## WARRANT OF ARREST IN REM

TO:   The U. S. Customs and Border Protection for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On June 11, 2019, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $377,000.00 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1.      To arrest the defendant property as soon as practicable [see Rule G(3)(c)(ii)
for exceptions for serving as soon as practicable] by serving a copy of this warrant on the
custodian in whose possession, custody or control the property is presently found, and to
use whatever means may be appropriate to protect and maintain it in your custody until
further order of this Court.

2.      Promptly after execution of this process, to file the same in this Court with
your return thereon, identifying the individual(s) upon whom copies were served and the
manner employed.

Dated:


DAVID O'TOOLE
Clerk of the Court
United States District Court for the
Eastern District of Texas


By:     _____
        Deputy Clerk

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$377,000.00 in U.S. currency

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Jefferson
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Michael W. Lockhart, USAO, 350 Magnolia Ave, Suite 150
Beaumont, Texas 77701 (409) 839-2538

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☒ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
This is an in rem civil forfeiture proceeding pursuant to 18 USC 981
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___ DOCKET NUMBER ___

DATE
06/11/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Michael W. Lockhart

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___