UNITED STATES DISTRICT COURT
DISTRICT OF TEXAS

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 19-cv-00251 |
| | ) | |
| $377,000.00 U.S. Currency | ) | |
|     Defendant. | ) | |

ANSWER & INNOCENT OWNER CLAIM & DEMAND FOR JURY TRIAL

NOW COMES claimant, Daurence E. Brooks through counsel and submits the following:

Innocent Owner Claim:

1. The claimant, Daurance E. Brooks (hereinafter, "Mr. Brooks"), is the owner of $377,000.00 U.S. Currency. This property which was named in and subject to the United States' complaint for judicial forfeiture.

2. Mr. Brooks was not a subject of a criminal complaint nor named as an unindicted conspirator in regards to this matter.

3. The government seeks broad relief– whether culpable of any misconduct or not – from this Court: forfeiture without good reason other than Brooks' very distant past criminal conviction, which had nothing to do with Brooks' documented gambling winnings from a legitimate licensed casino. Other than referring to Brooks' prior conviction, the government has nothing to substantiate the verified complaint for forfeiture in rem, at all.

4. The property at interest in this matter is:

    (a) $377,000.00 U.S Currency

5. Mr. Brooks acquired this property is entirely through income he received as a successful sports betting gambler at the Mirage Casino, a legitimate licensed casino is Las Vegas. See attachment A (proof of winnings' email from Mirage). As hard as it is to imagine, actually for those who are non-gamblers, this is an established and uncontested fact.

6. Mr. Brooks works with his wife as a partner in a cash-based TX home remodeling business which he operates successfully out of his truck. The income from this business was used to finance Mr. Brooks' gambling. Mr. Brooks wife income was used to support the family.

7. The property at interest in this matter identified in paragraph 4 above is not forfeitable property, therefore, Brooks is an owner, innocently so, of the instant property.

8. The Supreme Court recently stated that "[p]retrial restraints on forfeitable property are permitted only when the Government proves, at a hearing, that (1) the defendant has committed an offense triggering forfeiture, and (2) 'the property at issue has the requisite connection to that crime.'" *Honeycutt v. United States*, ___ U.S. ___ (June 5, 2017), *quoting, Kaley v. United States*, 571 U.S. ___, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014).

ANSWER

The claimant ANSWERS the allegations contained in counts one through seven as follows:

1. Denied
2. Denied
3. Denied
4. Denied
5. Denied
6. Denied
7. Denied

WHEREFORE, Mr. BROOKS respectfully asserts that he is the rightful owner of the subject property, denies the allegations of the government and requests that this court deny forfeiture of the subject property.

The claimant demands trial by jury in this matter.

Respectfully submitted,

Daurence E. Brooks
By his attorney,
/s/ Geoffrey G. Nathan
B.B.O. # 552110
132 Boylston St., 5th Floor
Boston, MA 02116
Tel: (617) 472-5775
PRO HOC ATTORNEY



CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 10/1/15